**Federal Defenders**
**OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

April 13, 2022

By ECF

Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSEMENT.**
The Court is prepared to approve a dual-track motion schedule in this case, but would prefer a more accelerated briefing schedule so that the Court can schedule a conference in this case for the second half of July 2022 and has sufficient time to consider the briefs before holding that conference. The parties are directed to meet and confer and propose a slightly more accelerated briefing schedule.

4/13/2022  SO ORDERED.

LEWIS J. LIMAN
United States District Judge

Re: *United States v. Batise Boyce*, 21 Cr. 777 (LJL)

Dear Judge Liman:

    I write on consent (Assistant U.S. Attorney Hagan Scotten) to respectfully request that the Court set a dual-track motion schedule in this case. Here, a threshold determination as to whether Mr. Boyce is subject to the sentencing enhancement set forth in the Armed Career Criminal Act ("ACCA") is necessary for Mr. Boyce to be able to make a knowing and intelligent decision as to how to proceed with his case, and that determination may also conserve significant judicial resources. *See generally United States v. Alonzo Jackson*, 13 Cr. 142 (PAC), 2013 WL 4744828 (S.D.N.Y. Sept. 4, 2013) (explaining the propriety of making a pre-trial determination as to whether defendant qualifies for the ACCA sentencing enhancement).

    Mr. Boyce is charged in a five count indictment, including three counts of possessing a firearm after having three previous convictions for "violent felonies" or "serious drug offenses," in violation of 18 U.S.C. §§ 922(g) and 924(e). If a person is convicted under the ACCA provision (§ 924(e)), he is subject to a mandatory minimum sentence of 15 years' imprisonment; if ACCA does not apply and a person is convicted under § 922(g), he is subject to no mandatory minimum, and a maximum term of imprisonment of 10 years. The parties dispute whether Mr. Boyce qualifies for the ACCA enhancement, but agree that the Court should resolve this question prior to addressing any other potential motions.[1]

    Here, the issue as to whether Mr. Boyce qualifies under ACCA is a "purely legal issue, and will not be clarified by further factual development." *See Jackson*, 2013 WL 4744828, at *2

---

[1] Based on my review of discovery to date, we are contemplating filing at least two motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure: a motion to suppress evidence, specifically the firearm allegedly recovered from Mr. Boyce after his arrest on November 6, 2020; and a motion to sever based on improper and prejudicial joinder.

Honorable Lewis J. Liman                                                                                                        Page 2
April 13, 2022

Re:     *United States v. Batise Boyce*, 21 Cr. 777 (LJL)

(internal quotation omitted). As Judge Crotty explained, a defendant's decision as to whether to proceed to trial "can and will be affected by a determination of whether 18 U.S.C. § 924(e) will be applied to him, but assuming *arguendo* that he is eventually found guilty, whether his guilt results from his own plea or from conviction by a jury would have no bearing on the interpretation or application of 18 U.S.C. § 924(e)." *Id.* (internal quotation omitted). A decision on this issue is thus not an advisory opinion: a defendant must be aware of the statutory sentencing range he faces in order to make an intelligent and knowing decision as to whether to proceed to trial. *Id.*

      Here, Mr. Boyce's decision as to how to proceed, as well as the parties ability to intelligently discuss a potential disposition, will be significantly affected by a determination as to whether Mr. Boyce qualifies for the ACCA sentencing enhancement. Moreover, we are currently contemplating filing several pretrial motions which may be obviated by the Court's determination on the ACCA question. And, as noted above, the Government agrees that the Court should determine the ACCA issue before addressing any other pre-trial motions.

      Accordingly, I respectfully request that the Court set an initial briefing schedule to determine whether Mr. Boyce qualifies for the ACCA sentencing enhancement.  We propose that Defendant's motion be due on May 20, 2022;[2] Government's response on June 24, 2022; Defendant's reply on July 1, 2022; to be followed by a conference on a date convenient for the Court.

      If the Court endorses the proposed schedule, I respectfully request that the Court adjourn the conference currently scheduled for May 26, 2022 at 3:00 p.m., and exclude time under the Speedy Trial Act until the next conference date to allow for briefing and a decision on the motion.

      Thank you for your consideration of this request.

                                          Respectfully submitted,

                                          /s/
                                          Martin Cohen
                                          Assistant Federal Defender
                                          (212) 417-8737

---

[2] I would normally have requested four weeks to draft the motion, but I am going to be out of the office during the week of May 9, 2022.

Honorable Lewis J. Liman  Page 3
April 13, 2022

Re: *United States v. Batise Boyce*, 21 Cr. 777 (LJL)

cc: Hagan Scotten, Esq., by ECF and e-mail